This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 30,947**

**SARAH BURTON-HEPPLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gary K. King, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Office of J.B. Jacks
Jack Bennett Jacks
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant Sarah Burton-Hepple appeals her convictions for two counts of first

degree kidnapping, one count of conspiracy to commit kidnapping, and one count of conspiracy to commit child abuse. Defendant's husband, Matthew Hepple, was tried jointly with Defendant and was convicted of the same crimes. Defendant raises five issues on appeal. Defendant challenges the propriety of the jury instructions, the qualification of an expert witness on forensic pediatrics, the district court's denial of her motion for a continuance, the sufficiency of the evidence on the kidnapping-related charges and, upon supplemental briefing, whether some of her convictions violated double jeopardy protections. We affirm in part and reverse in part.

**BACKGROUND**

{2}     The facts and background in this case are identical to those set forth in her husband's appeal, *State v. Matthew Hepple*, No. 30,115, slip op. at 2-6 (N.M. Ct. App. March 17, 2013), and will not be repeated except as necessary in the discussion that follows.

**DISCUSSION**

**A.     Defendant's Motions for Continuance**

{3}     Defendant claims the district court erred by refusing to grant her November 6 and 7, 2008 motions to continue trial to secure the production of a transcript from Defendant's termination of parental rights trial. We review Defendant's claim of error for an abuse of discretion. *See State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M.

148, 152 P.3d 135 ("The grant or denial of a continuance is within the sound discretion of the [district] court, and the burden of establishing abuse of discretion rests with the defendant."). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citations omitted). "Defendant must establish not only an abuse of discretion, but also that the abuse was to the injury of the defendant." *Id.* (internal quotation marks and citation omitted).

{4} Both parties agree that our New Mexico Supreme Court's opinion in *State v. Torres*, 1999-NMSC-010, 127 N.M. 20, 976 P.2d 20, controls. In *Torres*, our Supreme Court promulgated a number of factors for courts to consider when evaluating a motion for a continuance. *Id.* ¶ 10. These factors include:

> the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion.

*Id.*

{5} In applying the *Torres* factors to the present case, we conclude that the district court did not abuse its discretion in denying Defendant's motions for continuance.

3

When prompted by the court, defense counsel could not identify the witnesses whose testimony he was seeking, nor could counsel adequately explain why he would be unable to obtain the transcripts prior to trial. Regarding the degree of inconvenience, the district court noted that defense counsel had "been aware that those testimonies have been out there since September," but did not move for continuance until "the last minute." The court also noted that defense counsel had not "even asked the court reporter, at this point, who the witnesses are going to be called and what order." The district court was justified in holding defense counsel accountable for creating the need for a delay.

{6}     As to the final *Torres* factor—prejudice—Defendant argues that the transcript was necessary to the preparation of her defense because certain testimony may have changed or modified since pre-trial interviews. Despite these contentions, Defendant cannot show whose termination of parental rights testimony would have differed from the live testimony presented at trial, or how it would have differed from what was presented. Under such circumstance, we conclude that Defendant failed to plausibly show how the termination of parental rights testimony would have been "both material and favorable to his defense." *Id.* ¶ 12. As such, it was not an abuse of discretion for the district court to deny Defendant's motions for a continuance.

**B.     Expert Testimony**

4

{7} Defendant asks this Court to reverse her convictions and remand her case for retrial because the district court allowed expert testimony from Dr. Campbell, a forensic physician, regarding Joseph's injuries. Defendant asserts that Dr. Campbell's testimony was admitted in error because she was not trained or certified as a forensic pathologist. The district court allowed the testimony, finding that Defendant's concerns went to the weight of her testimony rather than its admissibility, and specifying that her testimony be couched in terms of medical probability. The admission of expert testimony is within the sound discretion of the district court and, absent an abuse of discretion, will not be reversed by this Court on appeal. *State v. Alberico*, 116 N.M. 156, 169, 861 P.2d 192, 205 (1993). Rule 11-702 NMRA requires three prerequisites for admission of expert testimony: (1) the expert must be qualified; (2) the scientific evidence must assist the trier of fact; and (3) the expert may only testify to "scientific, technical or other specialized knowledge." *Alberico*, 116 N.M. at 166, 861 P.2d at 202 (internal quotation marks and citation omitted).

{8} As this Court stated in *Matthew Hepple*, Dr. Campbell explained her training and experience as a forensic pediatrician and child abuse expert before the district court recognized her as an expert witness. No. 30,115, slip op. at 20. Dr. Campbell explained that her training included wound identification and that her evaluations were of living children. She further explained that she was not trained or certified as

5

a forensic pathologist and that a forensic pathologist examines the dead, rather than the living. Defendant has argued that Dr. Campbell did not have specific training in evaluating wounds from a forensic pathology perspective. Defendant has failed to elaborate or develop this argument regarding why Dr. Campbell's qualifications as a forensic pediatrician were insufficient to assist the jury in determining the causes of Joseph's injuries or why the field of pathology was necessary to qualify Dr. Campbell as an expert in forensic pediatrics and general medicine. Again, this Court does not review unclear or undeveloped arguments. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181. As such, we will not reconsider this argument further.

**C.      Kidnapping and the Unlawfulness Element of Kidnapping**

{9}      We next address Defendant's challenges to her kidnapping and conspiracy to commit kidnapping convictions on the grounds that the State failed to prove the required elements of kidnapping, and the jury was not instructed on the essential unlawfulness element of kidnapping. We will first address Defendant's argument that the statutory definition of kidnapping makes it impossible for a parent to kidnap her own child. *See* NMSA 1978, § 30-4-1(A) (2003). Citing *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 659, 712 P.2d 1, 5 (Ct. App. 1985), Defendant contends that this Court should reverse her

6

convictions because her conduct was a lawful exercise of parental discipline.

**{10}** As we noted in *Matthew Hepple*, a parent in New Mexico, "has a privilege to use moderate or reasonable physical force, without criminal liability, when engaged in the discipline of his or her child." No. 30,115, slip op. at 8 (internal quotation marks and citation omitted). We also explained that "if it is to be justified, a parent's exercise of the parental discipline privilege must not be cruel or excessive." *Id.* Thus, we concluded "that a parent may be found criminally guilty for kidnapping his or her own child when the parent's conduct is determined to be inconsistent with the privilege provided for custodial parental acts, including unlawful restraint or confinement with the intent to inflict physical injury." *Id.* As a result, this argument fails and we need not address it further.

**{11}** Defendant further asserts that we must reverse her kidnapping and conspiracy to commit kidnapping convictions because the jury was not instructed on the essential element of unlawfulness and that her conduct was lawful because she was reasonably exercising the privilege to discipline her children. As in *Matthew Hepple*, the record in this case is identical and void of any evidence suggesting that either Hepple was lawfully exercising parental care when they imposed discipline and physical force on Rikki and Joseph that was neither moderate nor reasonable. *See* No. 30,115, slip op. at 9-13.

7

**{12}** With respect to the element of unlawfulness in the jury instructions, we addressed the matter under a fundamental error analysis because the issue was not preserved by the Defendant at trial. *See Matthew Hepple*, No. 30,115, slip op. at 9. Because fundamental error was not established, this Court affirmed both kidnapping related convictions in *Matthew Hepple*. *Id.* at 10-13. Defendant has not presented additional arguments that would change this Court's position regarding the fundamental error analysis of this issue. We affirm Defendant's kidnapping and conspiracy to commit kidnapping convictions.

**D.    Double Jeopardy**

**{13}** In light of the New Mexico Supreme Court's decision in *State v. Gallegos*, 2011-NMSC-027, 149 N.M. 704, 254 P.3d 655, and our recent decision in *Matthew Hepple*, No. 30,115, slip op. at 13-17, the State has conceded that Defendant's conviction for conspiracy to commit intentional child abuse violates Defendant's right against double jeopardy. The only distinction between *Matthew Hepple*, No. 30,115, slip op. at 13-17, and Defendant's case is that Defendant, unlike her husband, failed to argue on appeal that her convictions violated principles of double jeopardy. As a result, this Court requested supplemental briefing on the issue. Defendant's failure to preserve her double jeopardy argument in the district court is not fatal on appeal. *State v. Martinez*, 2007-NMCA-160, ¶ 5, 143 N.M. 96, 173 P.3d 18 ("Defendant may

8

raise a double jeopardy question on appeal, regardless of whether the issue was preserved."). The issue is now properly before this Court to address. For the identical reason explained in *Matthew Hepple*, No. 30,115, slip op. at 13-17, we now vacate Defendant's conviction for conspiracy to commit intentional child abuse and remand to the district court for further proceedings.

**CONCLUSION**

{14}    For the foregoing reasons, we reverse Defendant's conviction for conspiracy to commit intentional child abuse and affirm Defendant's convictions for kidnapping and conspiracy to commit kidnapping. We remand this matter to the district court for dismissal of the conspiracy to commit intentional child abuse conviction and for any further proceedings that are necessary to effectuate our decision.

{15}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**

9