2007-NMSC-004

152 P.3d 135

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Raul SALAZAR, Defendant–Petitioner.**

No. 29,456.

Supreme Court of New Mexico.

Jan. 23, 2007.

John Bigelow, Chief Public Defender, Vicki W. Zelle, Assistant Public Defender, Santa Fe, NM, for Petitioner.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Respondent.

**OPINION**

MINZNER, Justice.

{1} Defendant Raul Salazar appeals his conviction of criminal sexual penetration of a minor under the age of thirteen, contrary to NMSA 1978, § 30-9-11(C)(1) (2001, prior to 2003 amendment). Defendant appeals from a memorandum opinion issued by the Court of Appeals, which affirmed the district court's finding that Defendant was given adequate time to prepare his defense. *State v. Salazar*, No. 24,465 (N.M.Ct.App. Aug. 26, 2005). On appeal, Defendant contends that his constitutional rights to present a meaningful defense and to have effective assistance of counsel were violated when his unopposed motion for a continuance was denied. We conclude that the trial court abused its discretion in denying Defendant's motion. *See State v. Torres*, 1999–NMSC–010, 127 N.M. 20, 976 P.2d 20. We reverse the Court of Appeals and remand for a new trial.

## I. BACKGROUND

{2} We take the following facts from the Court of Appeals' Memorandum Opinion. *Salazar*, No. 24,465, slip. op. at 2. Defendant began living with Irene Hernandez and her three-year-old daughter Gizelle (Victim) in 1993. While living together the couple had three sons. In 1997, Defendant and Ms. Hernandez were living together in a trailer in Las Cruces, New Mexico. The victim, two of the three sons,[1] a friend of Defendant and the friend's wife also lived in the trailer. While living in Las Cruces, the younger son Jorge became ill and required medical attention. Sometime between August 8, 1997, and October 8, 1997, Ms. Hernandez took Jorge to Albuquerque for medical treatment. The victim testified that while her mother was gone, Defendant raped her.

{3} Defendant was indicted by grand jury of one count of criminal sexual penetration of a minor under the age of thirteen on February 20, 2003, and was arraigned on March 3, 2003. Due to personnel problems in the Public Defender Department Defendant had three different attorneys between the time he was arraigned and when his case went to trial. *Salazar*, No. 24,465, slip. op. at 2.

Contract counsel, Stephen Ryan, was substituted as counsel of record on August 5, 2003, at which point he received a file containing no investigative notes or witness interviews.

{4} The State petitioned the court for a three-month extension of the six-month rule on August 6, 2003, which was granted, thereby extending the deadline to try its case until December 3, 2003. Defense counsel requested a continuance on August 7, 2003; August 22, 2003; and August 26, 2003, the day of trial. *Salazar*, No. 24,465, slip. op. at 3. All three motions were denied. *Id.*

{5} In denying Defendant's final motion for a continuance, the court noted that Defendant had been in jail almost six months and that he had made a speedy trial demand, a request the court considers very seriously. Further, the trial court recognized defense counsel as having considerable skill and noted that the court was convinced Defendant would receive a fair trial.

{6} At trial, the State presented no physical evidence to support the allegations. The victim alleged the incident occurred between August and October 1997. She reported the incident to her mother in March 2001. Defendant testified on his own behalf. Defendant claimed he was a strict father but denied the charges. On appeal Defendant argues the strength of the State's evidence turned on whether the jury believed the testimony of the Victim or Defendant.

{7} Other problems arose during trial. The State's opening statement referenced Victim's attempt to commit suicide twice; defense counsel had only recently, on the Friday and Monday before trial, become aware of Victim's mental health issues. Defense counsel moved for a mistrial on the ground that the State's opening statement was overreaching. The trial court denied the motion on the basis that defense counsel had not objected to the statement during opening. Further complications arose when defense counsel sought a copy of the safe house interview, and the State discovered there were actually two safe house interviews, the first of which defense counsel had not re-

---

1. The youngest was born September 7, 1998.

ceived. Defense counsel had not seen and had no knowledge of the first interview when cross-examining the detective who reopened the case in 2002 and decided to pursue the case based on the safe house interviews. On the morning of trial, the State notified the court of its intent to call one or both of the Victim's therapists but failed to produce records or reports of these witnesses' testimony. The State was allowed to make an offer of proof, and defense counsel was given fifteen to twenty minutes to interview one therapist before he testified. Defense counsel wanted to use a couple of witnesses listed and subpoenaed by the State but was unable to locate these witnesses on the second day of trial. Therefore, Defendant's entire defense consisted solely of his testimony. Defendant was convicted and sentenced to eighteen years incarceration.

{8} On appeal, Defendant contends his constitutional rights were violated when his motion for a continuance was denied. Defendant contends the trial court abused its discretion in relying on the court's policy of no continuances and Defendant's speedy trial request in denying Defendant's motion. We agree.

{9} The Court of Appeals affirmed the trial court, holding Defendant was not denied effective assistance of counsel, counsel had an adequate opportunity to prepare a defense, and the motion for a continuance was properly denied. *Salazar*, No. 24,465, slip. op. at 10, 11. In briefing the issues on appeal to the Court of Appeals, Defendant's arguments emphasized the *Torres* factors rather than a claim he was denied effective assistance of counsel. For this reason, we believe the Court of Appeals may have misconstrued Defendant's claim. Further, in relying on *State v. Brazeal,* 109 N.M. 752, 790 P.2d 1033 (Ct.App.1990), we believe the Court of Appeals addressed a different question than Defendant argued. Our case law probably contributed to the difficulty, but the Court of Appeals recently addressed comparable facts in an opinion that we conclude controls this appeal. *See State v. Stefani,* 2006–NMCA–073, 139 N.M. 719, 137 P.3d 659, *cert. denied,* 2006–NMCERT–006, 140 N.M. 224, 141 P.3d 1278. Further, we be-

lieve that the trial court abused its discretion by relying solely on Defendant's speedy trial request and the Court's desire to maintain the trial docket rather than considering the *Torres* factors. We discuss our reasons at greater length in the discussion that follows.

## II. DISCUSSION

{10} The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant. *State v. Sanchez,* 120 N.M. 247, 253, 901 P.2d 178, 184 (1995). " 'An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason.' " *State v. Rojo,* 1999–NMSC–001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (quoting *State v. Woodward,* 121 N.M. 1, 4, 908 P.2d 231, 234 (1995)). Defendant must establish not only an abuse of discretion, but also that the abuse was "to the injury of the defendant." *State v. Nieto,* 78 N.M. 155, 157, 429 P.2d 353, 355 (1967).

{11} In this appeal, Defendant contends the trial court abused its discretion by continually denying defense counsel's unopposed motions for a continuance when defense counsel clearly asserted that he was unprepared to proceed to trial. Defendant further contends in argument to this Court that by denying his motion for a continuance he was denied effective assistance of counsel, probably in response to the Court of Appeals' analysis under *Brazeal. Id.* at 20, 908 P.2d 231. Defendant contends that had the trial court granted his motion, his attorney would have had time to secure witnesses for trial, interview all the witnesses listed on the State's witness list, have the Victim evaluated, and adequately prepare a defense.

{12} Our opinions leave some uncertainty as to the analysis applied in cases raising the issue of trial court denials of motions for continuance. *See Torres,* 1999–NMSC–010, 127 N.M. 20, 976 P.2d 20; *State v. Hernandez,* 115 N.M. 6, 846 P.2d 312 (1993); *Stefani,* 2006–NMCA–073, 139 N.M. 719, 137 P.3d 659; *State v. Salazar,* No. 24,465 slip. op. at 4; *Brazeal,* 109 N.M. 752, 790 P.2d 1033.

Two approaches have been used to determine if the denial of the defendant's motion for a continuance should have been granted.

{13} In appeals where the defendant claims that the denial of the motion for a continuance violated his or her right to effective assistance of counsel because counsel did not have an adequate time to prepare for trial, the standard set forth in *Brazeal* has been used. 109 N.M. 752, 790 P.2d 1033. *See also Hernandez*, 115 N.M. at 14, 846 P.2d at 320. We use a two-prong analysis to determine whether the denial of the continuance amounts to ineffective assistance of counsel. *Id.* at 755, 790 P.2d at 1036. The first consideration is whether a per se violation of the defendant's constitutional rights has occurred. *Id.* The second consideration is the defendant's specific claims of ineffective assistance of counsel. *Id.*

{14} We have applied a different standard in appeals in which the defendant makes two separate claims: abuse of discretion in denying the motion for a continuance and that the denial of the motion ultimately resulted in ineffective assistance of counsel or infringement of another constitutional right. *Torres,* 1999–NMSC–010, 127 N.M. 20, 976 P.2d 20. In *Torres,* this Court held that the defendant's motion for a continuance should have been granted, because the defendant had properly submitted a subpoena to the sheriff's department for service and was not notified until the day of trial that the subpoena had not been served. 1999–NMSC–010, 127 N.M. 20, 976 P.2d 20. In reaching that conclusion, we looked to various factors to evaluate a motion for continuance including: the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and to the court, legitimacy in motives in requesting the continuance, fault of the movant in causing a need for delay, and the prejudice to the movant in denying that motion. *Id.* ¶ 10.

{15} With *Torres,* furthermore, we began to articulate factors, based on federal law and state law, that a New Mexico trial court should consider in ruling on a motion for a continuance. 1999–NMSC–010, ¶ 10, 127 N.M. 20, 976 P.2d 20. These factors serve important purposes:

> In the context of a continuance requested for the purpose of obtaining a witness's testimony, these factors serve to balance a criminal defendant's constitutional right to compulsory process, U.S. Const. amends. VI, XIV, with the court's interest in controlling its docket and the public's interest in the efficient administration of justice without unnecessary delay.

*Id.* (footnote omitted). These factors, and they may not be exclusive, provide a framework for evaluating a trial court decision granting or denying a motion for continuance. A significant part of that framework is a focus on the specific facts presented to the trial court in support of or in opposition to the motion. That focus is missing in the record.

{16} In addition to meeting the *Torres* factors, Defendant must show that the denial of the continuance prejudiced him. " 'No more prejudice need be shown than that the trial court's order may have made a potential avenue of defense unavailable to the defendant.' " *March v. State,* 105 N.M. 453, 456, 734 P.2d 231, 234 (1987) (quoting *State v. Orona,* 92 N.M. 450, 452, 589 P.2d 1041, 1043 (1979)). "We do not ask whether the evidence was critical but, instead, whether [the defendant] made a 'plausible showing of how [the witness's] testimony would have been both material and favorable to his defense.' " *Torres,* 1999–NMSC–010, ¶ 12, 127 N.M. 20, 976 P.2d 20 (quoting *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)).

{17} Two recent Court of Appeals opinions illustrate the *Torres* approach. *See Stefani,* 2006–NMCA–073, 139 N.M. 719, 137 P.3d 659; *State v. Salazar,* 2006–NMCA–066, 139 N.M. 603, 136 P.3d 1013, *cert. granted,* 2006–NMCERT–006, 140 N.M. 225, 141 P.3d 1279. Based on these opinions, we conclude that Defendant's motion should have been granted.

{18} In *Stefani,* the defendant appealed a conviction for trafficking methamphetamine by manufacture, conspiracy to commit traf-

ficking, and possession of drug paraphernalia. 2006–NMCA–073, 139 N.M. 719, 137 P.3d 659. The defendant claimed on appeal the trial court erred in denying his request for a continuance. The defendant raised three reasons for the continuance: newness of the case, complexity, and co-defendant's last minute plea agreement with the State on the morning trial was set to begin. *Id.* ¶ 10. Defense attorney, Stephen Ryan, was appointed to represent the defendant on July 15, 2003. *Id.* ¶ 11. Trial was scheduled to begin on August 20, 2003. *Id.* Defense made a motion for a continuance on August 19, 2003, and again on the morning of trial. *Id.* The State concurred in the motion. At that time, defense counsel informed the court that discovery had been conducted; there were still eleven to twelve witnesses that needed to be interviewed; the defense still needed to obtain an expert; and defense counsel had only been representing the defendant for twenty-eight days at the time of trial. *Id.* ¶¶ 12, 13. In addition, defense counsel informed the court that he was unprepared to proceed to trial and if compelled to proceed, the defendant would not be receiving an adequate defense. *Id.* ¶ 13. The trial court denied the motion for a continuance. *Id.* ¶ 15. The Court of Appeals concluded that the district court based its decision to deny the continuance on maintaining the trial docket and giving the defendant a speedy trial as requested. *Id.* ¶ 16. The court concluded that those were legitimate concerns, but the *Torres* factors must be considered in determining whether or not to grant a continuance. *Id.* Therefore, the Court of Appeals held that the district court abused its discretion in denying the defendant's motion for a continuance, reversed the district court and remanded for a new trial.

{19} In *Salazar*, the defendant appealed his conviction of criminal sexual penetration of a minor. 2006–NMCA–066, 139 N.M. 603, 136 P.3d 1013. The defendant claimed on appeal that the trial court abused its discretion in denying his motion for a continuance. The defendant claimed that his new counsel had only twenty-one days to prepare for trial, which the defendant argued was insufficient; however, the record indicates that the new counsel had about three months to pre-

pare. *Id.* ¶ 21. Applying the *Torres* factors, the Court of Appeals agreed with the district court that the continuance was not necessary. *Id.* ¶¶ 23–28. The Court of Appeals offered several reasons for its conclusion: defense had caused the reason for the delay, the motion was filed a week before trial, the defendant had already been granted four continuances, the trial had been delayed for more than eight months, and the State had already subpoenaed witnesses and was prepared to proceed. *Id.* ¶¶ 24, 26. The Court of Appeals concluded that the trial court did not abuse its discretion in denying the motion. *Id.* ¶ 27. Although the Court of Appeals did not describe the defendant's appellate claim as including a claim he had been denied effective assistance of counsel, the court's analysis of a lack of prejudice to him indicates the court held defense counsel was effective in his representation of the defendant. *Id.* ¶ 28.

{20} In the present appeal, the Court of Appeals did not apply the *Torres* factors but rather applied *Brazeal.* The court concluded that Defendant did not meet the requirement for presumptive ineffective assistance of counsel and did not specifically argue any lapses at trial. *Salazar,* No. 24,465, slip. op. at 11. Therefore, the court affirmed Defendant's conviction. We conclude this was the wrong standard to apply to these particular facts. Properly applied, the appropriate standard, which we set forth in *Torres,* supports Defendant's argument on appeal.

{21} In applying the *Torres* factors to this appeal, we conclude Defendant's motion for a continuance should have been granted. Defendant did not request a specific amount of time for delay, but presumably enough time to conduct further witness interviews, possibly have the Victim evaluated to determine competency to testify, and time to investigate. There had been no previous continuances, and the State did not oppose this continuance. Further, with respect to inconvenience to the parties, the State did not oppose this motion, and the trial court had granted a three-month extension of time, extending the time to try the case until December 3, 2003. Defendant was not at fault for causing the delay. Defendant has his third

defense attorney because of staffing problems at the Public Defender Department.

{22} In this appeal, Defendant is arguing that a potential defense was denied when Defendant was not allowed to interview all of the witnesses, have Victim evaluated, and present witnesses at trial. Because this case turns on credibility, Defendant should have been given an opportunity to develop his defense theory. *See Torres*, 1999–NMSC–010, ¶ 10, n. 1, 127 N.M. 20, 976 P.2d 20 (discussing a defendant's right to present a defense, his or her version of the facts, as a "fundamental element of due process").

{23} Taking into account the particular facts of this case, including the late discovery of the safe house video tape, Victim's recent suicide attempts, the lack of witness interviews, and the failure to subpoena certain witnesses for Defendant, we are persuaded Defendant was denied that opportunity without a sufficient basis. While we respect the trial court's concerns as legitimate, we are not persuaded they outweigh Defendant's right to develop a defense.

{24} We note that *Brazeal* is vulnerable to being misread. *Brazeal* addressed an ineffective assistance of counsel claim based on a denial of a defendant's motion for a continuance, and the Court of Appeals saw no difference between that claim and the claims the defendant had been denied due process or the right to a fair trial. 109 N.M. at 755, 790 P.2d at 1036. *Brazeal* also made no distinction between federal and state law, *id.*, and concluded that "except in exceptional circumstances, we will not ignore the actual conduct of the trial and presume that the defendant has suffered prejudice from ineffective assistance of counsel due to the failure of the trial judge to grant a continuance." *Id.* at 756, 790 P.2d at 1037. *Brazeal* concluded that "[s]uch exceptional circumstances" were not present. *Id.*

{25} *Brazeal* suggests that absent a presumption of prejudice arising from exceptional circumstances, a trial court's discretion to grant or deny a continuance should be upheld. *See id.* That is, absent a basis for presuming prejudice, a defendant must establish he or she was denied effective assistance of counsel in order to show on appeal

that a motion for a continuance should have been granted. *Id.* Yet, there are exceptions to the ineffective assistance of counsel standard developed in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), exceptions in which the defendant may rely on a presumption of prejudice. *See United States v. Cronic*, 466 U.S. 648, 658–62, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Indeed, in *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), the United States Supreme Court clarified the relationship between *Cronic* and *Strickland.* "In *Cronic*, we identified three situations implicating the right to counsel that involved circumstances 'so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.' " 466 U.S. at 695, 104 S.Ct. 2052 (quoting *Cronic*, 466 U.S. at 658–59, 104 S.Ct. 2039). In this appeal, however, Defendant need not rely on a presumption of prejudice nor primarily on an ineffective assistance of counsel claim.

{26} We note as well that the specific rule generally limiting the time to commence trial, but providing for extensions of time by the district court and this Court, *see* Rule 5–604 NMRA 2000, has been characterized as a case-management tool in an opinion of this Court, decided after *Brazeal*. *See State v. Manzanares*, 1996–NMSC–028, ¶ 6, 121 N.M. 798, 918 P.2d 714 (1996). We have said that "only incidentally may its implementation turn on factors determinative of constitutional rights." *Id.* While the holding in *Manzanares* is that extensions granted under Rule 5–604 do not preclude the trial court from considering a defendant's subsequent speedy trial motion, *id.* ¶ 7, that holding should make it easier for a trial court to consider the merits of a motion for a continuance independently of Rule 5–604, at least when, as on these facts, the period of time allowed by the rule has been extended.

{27} In summary, we conclude our case law requires the trial court to consider the *Torres* factors initially in evaluating a motion for a continuance. If those factors applied logically and in a balanced way support the motion, the motion should be granted. Further, if the motion for a continuance depends on a claim that, absent a continuance,

the defendant will have been or will be denied effective assistance of counsel, *Brazeal* offers guidance on how that claim should be analyzed. Nevertheless, *Cronic* should be understood as recognizing exceptions to *Strickland*, particularly "exceptional circumstances," in which prejudice may be presumed. An inquiry into exceptions should be a separate inquiry, when separately argued, into whether there is prejudice to a defendant that compels a decision granting his or her motion for a continuance. We are not confronted with that situation in this appeal.

{28} A motion for a continuance serves to raise the question of whether both sides are prepared to proceed to trial and if not, why not. In resolving that question, the standard developed in evaluating ineffective assistance of counsel claims may play a role, but in the future that standard should play a subsequent, even subsidiary role to the *Torres* factors and analysis.

### III. CONCLUSION

{29} For the foregoing reasons, Defendant's motion should have been analyzed by the trial court using the *Torres* factors rather than solely relying on maintaining the trial docket and Defendant's speedy trial demand and by the Court of Appeals under *Torres* rather than *Brazeal*. *See Stefani*, 2006-NMCA–073, 139 N.M. 719, 137 P.3d 659. After applying the *Torres* factors, we conclude that the motion should have been granted. We further conclude that denial of Defendant's motion prejudiced Defendant by denying him the right to develop a defense. We reverse and remand for a new trial.

{30} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.