This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **No. A-1-CA-36427**

**ORLANDO M. SISNEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant appeals his convictions for possession of methamphetamine,

pursuant to NMSA 1978, Section 30-31-23 (2011) and possession of drug paraphernalia, pursuant to NMSA 1978, Section 30-31-25.1(A) (2001). We issued a calendar notice proposing to affirm Defendant's convictions. Defendant filed a combined memorandum in opposition and a motion to amend the docketing statement (MIO). After due consideration, we remain unpersuaded. Accordingly, we affirm.

{2}     To the extent possible, we will avoid repetition here of pertinent background and analytical principles set forth in our calendar notice. Instead, we will focus on Defendant's MIO.

{3}     Appellant asks us to revisit his argument that the district court abused its discretion when it denied Defendant's motion to continue. In our calendar notice, we pointed out the analytical framework applied by our courts to a motion for a continuance. *See State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (stating that a district court should consider "the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion"); *State v. Salazar*, 2007-NMSC-004, ¶ 16, 141 N.M. 148, 152 P.3d 135 ("In addition to meeting the *Torres* factors, [a d]efendant must show that the denial of the

continuance prejudiced him."). Defendant has not addressed that framework or otherwise persuasively supported his points with authority. For example, Defendant states that the district court relied on a rule that addresses timing for a motion to suppress, Rule 5-212(C) NMRA, in denying his motion to continue, but does not analyze this point through the lens of the *Torres* factors or tether the point to any authority for reversal. In fact, Defendant supports his argument on this entire issue with only one authority, *State v. Stefani*, 2006-NMCA-073, 139 N.M. 719, 137 P.3d 719. [MIO 2-3] That case is readily distinguishable on the basis of the facts in the record before this Court. In *Stefani*, this Court held that the district court abused its discretion where: the district court denied the defendant's last moment request for a continuance in order to maintain a policy of not granting continuances and manage its docket; the defense argued that the case was inherently complex; eleven or twelve witnesses were yet to be interviewed by the defense; the defense had yet to obtain a necessary expert; the defense made an effort to set up interviews the day before trial; the defense informed the district court of several specific aspects of his lack of preparedness and that possible defenses had not been explored; the co-defendant agreed to a plea on the morning of trial and agreed to testify for the prosecution; the State explained to the district court that the defendant was on the phone with the district attorney "constantly" on the day before trial in an attempt to "figure

3

everything out" and "really did make an effort" to prepare for trial; and the State did not object to a continuance. *Id.* ¶¶ 13-14, 19. On the basis of the information before the Court, this case is not *Stefani*. In sum, Defendant's MIO has not dissuaded us from our proposed conclusion on this point. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred); *State v. Murillo*, 2015-NMCA-046, ¶ 17, 347 P.3d 284 (stating that we will not construct a party's argument on the party's behalf).

**{4}** We turn next to the motion to amend. Such a motion will only be granted upon a showing of viability. *See generally State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (observing that a motion to amend will be denied if the issue is not viable). By his motion to amend, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 1-2] For the reasons that follow, we conclude that this issue is not viable and therefore deny the motion.

**{5}** In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no

4

plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

{6}     Defendant bases his claim on the failure of his counsel to file a motion to suppress prior to the expiration of the deadline to file such a motion. [MIO 2] Defendant does not address the factors required to establish a prima facie case of ineffective assistance of counsel. Defendant does not indicate what evidence he hoped to suppress or why he might be entitled to suppress that evidence. In other words, Defendant does not make any argument that addresses the first two prongs of the test. *See  Herrera*, 2001-NMCA-073, ¶ 36 (stating that the first two requirements for a prima facie case of ineffective assistance of counsel are that: "(1) it appears from the record that counsel acted unreasonably; [and] (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct"). Defendant also fails to make any argument or showing directed to the third prong. *See State v. Jensen*, 2005-NMCA-113, ¶ 18, 138 N.M. 254, 118 P.3d 762 ("The type of prejudice required to establish a prima facie case of ineffective assistance of counsel is that there exists a reasonable probability that without counsel's errors, the result of the trial would have been different such that confidence in the outcome of the trial is undermined.").

{7}    We conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel and therefore deny his motion to amend. To the extent that Defendant may wish to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See generally State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

{8}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{9}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**


_____

**HENRY M. BOHNHOFF, Judge**