This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. A-1-CA-36819**

**ELOY ROCHA**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant Eloy Rocha appeals from his convictions for abuse of a child, leaving the scene of an accident involving injury, and reckless driving. Unpersuaded

that Defendant established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded. We affirm.

{2} Defendant has raised four issues on appeal, contending that the district court erred by (1) denying his motion to dismiss for violation of the right to a speedy trial, (2) erroneously admitting statements by the victim regarding her doctor's diagnosis, (3) erroneously admitting a video interrogation of Defendant, which included his statement that he had a suspended driver's license, and (4) denying his motion for a continuance, which deprived him of the effective assistance of counsel. [DS 6] In response to our notice, Defendant does not provide us with any new factual or legal argument to persuade us that our proposed analysis of Issues (1) through (3) was incorrect. Instead, Defendant seeks to reserve these issues for post-conviction proceedings to develop the necessary facts to support his claims. [MIO 4-5] Because the facts were not sufficiently developed in this Court, we affirm for the reasons in our notice.

{3} Defendant's response to our notice pursues his contention that the district court's denial of his motion for a continuance deprived him of effective assistance of

counsel, under the factors set forth in *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. [MIO 1-4]

{4} The *Torres* factors include "the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion." *Id.* "The grant or denial of a motion for a continuance rests within the sound discretion of the trial court, and the burden of establishing an abuse of discretion rests with the defendant." *Id.* (internal quotation marks and citation omitted).

{5} Defendant's response does not provide this Court with definitive or specific statements of the length of the delay sought, the reasons for the continuance, or the prejudice to Defendant in denying the motion. Defendant states that "[a] mere month or two would very likely have sufficed." [MIO 3] He states that the reason for the continuance stemmed from the over-assignment of cases in the public defender's office, claiming that "it should be inferred that a continuance would have given trial counsel necessary breathing room to properly develop the case and provide the constitutionally adequate representation to which [Defendant] was entitled." [MIO 3] Defendant does not explain how the denial of a continuance deprived him of effective

3

assistance of counsel or otherwise affected his defense. Defendant's response is slightly more specific about the various delays in this case, admitting that his termination from the pre-prosecution diversion program caused delay. [MIO 3] Our notice observed that there were numerous defense-caused delays and other defense-requested continuances, which also caused considerable delay in the twenty-six months it took to resolve this case. [CN 4-6] Defendant does not explain whether or why the State may have opposed his motion for a continuance.

{6}     Our case law requires a more specific and definitive showing to establish abuse of discretion in the denial of a continuance. *See State v. Gallegos*, 2011-NMSC-027, ¶¶ 67-70, 149 N.M. 704, 254 P.3d 655 (considering the failure of trial counsel to identify the time needed, to demonstrate that the delay would achieve the defense's goals, and to establish prejudice in concluding that the defendant did not establish an abuse of discretion); *see also State v. Aragon*, 2009-NMCA-102, ¶¶ 36, 38, 40-41, 147 N.M. 26, 216 P.3d 276 (considering the state's vigorous opposition to the continuance, the defense's failure to identify the time needed to prepare for trial or how the additional time would permit the defendant to prepare for trial, and considering that other continuances were granted to the defense, and that, even though the defense suffered prejudice in defense counsel's failure to obtain an expert and interview the state's expert, the defendant had time to accomplish these goals and did

not establish an abuse of discretion on balance); *cf. State v. Salazar*, 2007-NMSC-004, ¶¶ 21-23, 141 N.M. 148, 152 P.3d 135 (holding that the denial of a continuance was an abuse of discretion where no previous continuances were granted, the State did not oppose this continuance, and the defendant could not properly prepare a defense, because the denial prohibited the defendant from interviewing all of the witnesses, have the victim evaluated, and present witnesses at trial).

{7}    Defendant does not describe what additional steps defense counsel needed to take to prepare a defense, nor how the denial of a continuance actually affected his defense, nor whether or why the State opposed his motion for continuance. Thus, we cannot say that, on balance, the district court abused its discretion. If Defendant wishes to pursue this issue further, he should do so in post-conviction proceedings where he could develop the facts necessary for his claim.

{8}    For the reasons stated in this opinion and in our notice, we hold that Defendant has not established error, and affirm the district court's judgment and sentence.

{9}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**HENRY M. BOHNHOFF, Judge**

5

_____

**JENNIFER L. ATTREP, Judge**