This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36339**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSE ZAVALA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Aja Oishi, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Defendant Jose Zavala appeals his conviction for possession of a controlled substance (heroin), contrary to NMSA 1978, Section 30-31-23 (2011, amended 2019). Defendant argues that the district court denied his Sixth Amendment right to counsel of his choice by denying his request for a continuance on the morning of trial so that he

could retain a private attorney. Perceiving an error in the district court's application of the law, we reverse and remand for redetermination.[1]

## BACKGROUND

**{2}** The State filed a criminal information against Defendant in April 2016, charging Defendant with one count of possession of a controlled substance and one count of possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2001, amended 2019). Defendant was released on his own recognizance awaiting trial. The district court entered a scheduling order in June and set the case for trial beginning on Monday, December 5, 2016. On the morning of trial, Defendant's appointed public defender addressed the court, stating Defendant "informed me on Friday that he plans to retain private counsel. I'm not sure if you would entertain adding [thirty] days for good cause, or even just fifteen days to give him time to retain a private attorney." The following exchange occurred:

| | |
|---|---|
| The Court: | Well, we are on the morning of trial. LR2-400 [NMRA]— |
| Defense Counsel: | Yes. |
| The Court: | —does not allow for an extension, unless there's good cause and substitution of counsel, in and of itself, does not suffice. We've had hearings in this matter and everyone's know about this trial setting. What's the urgency to get private counsel at this point, Ms. Baca-Miller? |
| Defense Counsel: | Do you want to— |
| Defendant: | I just feel like—I just feel like it would be better for my—for my—what is it called? It would be better on my behalf. I feel more—I feel more safe with a private attorney than— |
| The Court: | Okay. Well, Mr. Zavala, I'll tell you that Ms. Baca-Miller and Ms. Caruso are good attorneys. They're not slouches. |
| Defendant: | I'm not saying that. |
| The Court: | And I'm not going to continue the matter. We're going to proceed this morning to trial and to select a jury, and with testimony tomorrow morning. |

The case then proceeded to trial, and a jury convicted Defendant on one count of possession of a controlled substance. The district court sentenced Defendant to eighteen months suspended to be served on supervised probation. Defendant appeals.

## DISCUSSION

---

[1] Because we reverse and remand based upon Defendant's claim that the district court incorrectly evaluated his request for a continuance, we do not reach Defendant's second argument regarding disqualified counsel.

**{3}** Defendant argues that the district court erred by denying his request for a short continuance to hire private counsel, thus forcing him to go to trial with a public defender. The error, Defendant contends, violated his Sixth Amendment right to the counsel of his choice. *State v. Gamlen*, 2009-NMCA-073, ¶ 6, 146 N.M. 668, 213 P.3d 818 (stating that an element of the Sixth Amendment right to counsel " 'is the right of a defendant who does not require appointed counsel to choose who will represent him' " (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006))). We review the district court's denial of a continuance for an abuse of discretion. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135.

**{4}** When evaluating a motion for continuance, our Supreme Court has articulated seven non-exclusive factors that trial courts should consider:

> the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion.

*State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. The *Torres* factors serve to "balance a criminal defendant's constitutional right[s] . . . with the court's interest in controlling its docket and the public's interest in the efficient administration of justice without unnecessary delay." *Id.* (reversing the district court's denial of the defendant's request for a continuance for the purpose of obtaining a witness's testimony, which implicated the defendant's constitutional right to compulsory process under the Sixth and Fourteenth Amendments).

**{5}** The test is no different when the defendant's purpose in seeking a continuance is to retain or replace counsel. Although the request for a continuance implicates the defendant's Sixth Amendment right to the assistance of counsel, "a defendant does not have an absolute right to the counsel of his choice." *State v. Maes*, 1983-NMCA-073, ¶ 19, 100 N.M. 78, 665 P.2d 1169, *abrogated on other grounds as recognized by State v. Armijo*, 2005-NMCA-010, ¶ 28, 136 N.M. 723, 104 P.3d 1114; *see also Gonzalez-Lopez*, 548 U.S. at 144 ("To be sure, the right to counsel of choice is circumscribed in several important respects." (internal quotation marks and citation omitted)). The Sixth Amendment right to counsel guarantees that an accused be given a fair opportunity to secure counsel of his own choosing, *Powell v. Alabama*, 287 U.S. 45, 53 (1932), but "[a] defendant cannot use his right to counsel as a means of delaying court proceedings[,]" *Maes*, 1983-NMCA-073, ¶ 19. *See also State v. Moreland*, 2008-NMSC-031, ¶ 12, 144 N.M. 192, 185 P.3d 363 (recognizing that that there is a "public interest in prompt justice" (internal quotation marks and citation omitted)). Consequently, when a continuance is sought to secure counsel, a trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar[.]" *Gonzalez-Lopez*, 548 U.S. at 152; *see also Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("[B]road discretion must be granted [to] trial courts on matters of

continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel."). That balancing is precisely what is accomplished by applying the factors set forth in *Torres*. *See* 1999-NMSC-010, ¶ 10. We thus hold that when a defendant requests a continuance for the purpose of securing or substituting counsel, the district court must weigh the request appropriately and in the same manner as other requests for extensions by applying the *Torres* factors. *See Salazar*, 2007-NMSC-004, ¶¶ 14, 27 ("requir[ing] the trial court to consider the *Torres* factors initially in evaluating a motion for a continuance[,]" including in instances where the denial of the motion may infringe upon a constitutional right of the defendant).

**{6}** In this case, the district court did not apply the *Torres* factors. Instead, the district court relied on former LR2-400 NMRA (2015) (recompiled and amended as LR2-308) ("the local rule"), a special case management rule promulgated by our Supreme Court and applicable only to the Second Judicial District Court. LR2-400(A) ("This is a special pilot rule governing time limits for criminal proceedings in the Second Judicial District Court."). The local rule states that the district court "may, for good cause, grant any party an extension of the time requirements imposed by [a scheduling order entered in compliance with this rule] . . . [but that] substitution of counsel alone ordinarily shall not constitute good cause for an extension of time." LR2-400(G)(6).

**{7}** Notwithstanding this, neither party has argued that the local rule alters a district court's consideration of the *Torres* factors. *See Salazar*, 2007-NMSC-004, ¶ 26 (permitting a district court to consider the merits of a motion for a continuance "independently" of case-management tools). Indeed, neither discussed the local rule in any substantive manner and instead both have argued that the district court's decision should be evaluated on appeal utilizing the *Torres* factors. Because of this, we assume without deciding that the local rule and *Torres* do not conflict and that the *Torres* factors continue to apply without modification in the Second Judicial District when a continuance is sought. *See State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the parties]."); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments). We do recognize, however, as did the district court, that the local rule singles out requests for continuances to substitute counsel and could be read as stating presumption against granting a continuance for that purpose. If applied in this manner, the local rule places a heavy thumb on the scale against the defendant in the name of expeditiousness and fails to allow for the careful balancing required to appropriately weigh the important, competing interests at stake—we thus caution against such an application. *See Torres*, 1999-NMSC-010, ¶ 10 (recognizing that a defendant's constitutional rights must be balanced against "the court's interest in controlling its docket and the public's interest in the efficient administration of justice without unnecessary delay"); *State v. Valles*, 2004-NMCA-118, 140 N.M. 458, 143 P.3d 496 (stating that where a rule conflicts with substantive law, "the Supreme Court rule is not binding" and that "[g]enerally, a substantive law creates, defines, or regulates rights while procedural law outlines the means for enforcing those rights").

**{8}** Because the district court's oral ruling on Defendant's request for a continuance indicates that the court denied Defendant's request by applying the local rule and without taking into consideration the *Torres* factors, we reverse the district court's ruling on that basis. *See State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380 (stating that "a trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law"). Although the parties dispute whether these factors weigh in favor of or against a continuance, we decline to undertake this analysis for the first time on appeal. There is no record or findings by the district court on many of the *Torres* factors. *See State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355 ("It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case. Fact-finding is the task of the trial judge or the jury. Our role is to determine whether the lower court has applied the law properly."). We therefore remand to the district to conduct the balancing and determine how the factors weigh in the first instance. *See State v. Baldonado*, 1992-NMCA-140, ¶ 11, 115 N.M. 106, 847 P.2d 751 (stating that when the district court's rationale is unknown, "it is appropriate to remand to the trial court for a redetermination in accordance with the law" as clarified on appeal). If, after applying the *Torres* factors, the district court concludes that Defendant's request for a continuance should have been granted, Defendant is entitled to a new trial.

**CONCLUSION**

**{9}** For the foregoing reasons, we reverse the district court's ruling denying Defendant's motion for a continuance and remand for the district court to re-determine its ruling in light of *Torres* and this opinion, and for any further proceedings consistent therewith.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**