This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40392

KATHY MILLER, Co-Trustee of the
JOSEPH AND ALMA MILLER
CONSERVATION TRUST U/D/A
OCTOBER 5, 2020; J.F. MILLER
RANCH, LLC; and J.F. MILLER
SAND AND GRAVEL, LLC,

     Plaintiffs-Appellees,

v.

MATTHEW MILLER a/k/a MATT MILLER,

     Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge

VanAmberg, Rogers, Yepa, Abeita, Gomez & Wilkinson LLP
Ronald J. VanAmberg
Santa Fe, NM

for Appellees

Law Office of Augustine M. Rodriguez, L.L.C.
Augustine M. Rodriguez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals an order finding him in civil contempt of court, raising three issues on appeal. This Court issued a notice of summary disposition proposing to affirm the district court's order. That notice proposed that it was not error to enter the order

without receiving evidence, as the order involved no disputed issues of fact; Defendant's failure to attend the hearing did not result in a denial of due process; and Defendant's assertion that the preliminary injunction was a "*de facto* permanent injunction," is not germane to the question of whether he is in contempt of that order. [CN 4, 8, 9] Defendant has filed a memorandum in opposition to that proposed disposition, which we have duly considered. Unpersuaded, we affirm the order of the district court.

**{2}** Defendant's memorandum no longer asserts that the preliminary injunction underlying the district court's ultimate finding of contempt was a "*de facto* permanent injunction," and we deem that argument abandoned on appeal. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned).

**{3}** With regard to the district court's receipt of evidence at the hearing conducted on January 28, 2022, Defendant now asserts that he intended to testify at the hearing and that trial courts have "a duty to ensure that all of the parties' rights are protected, especially during a contempt hearing that is dependent on evidence and testimony." [MIO 3, 13] Although Defendant does not actually assert that evidence was necessary to resolve a disputed question of fact, he does assert that he is unable to comply with the underlying injunction due to a lack of "financial means or a place to move his personal property." [MIO 4-5] Defendant makes no attempt, however, to inform this Court whether or how he preserved this question by invoking a ruling from the district court regarding his ability to comply with the underlying injunction in connection with the contempt proceedings. Instead, Defendant directs our attention to a memorandum he filed in the district court on October 29, 2021, in connection with a motion to reconsider the underlying injunction, which required him to vacate and remove personal property from the premises that are the subject of this lawsuit. [MIO 5; 3 RP 523]

**{4}** In that filing Defendant appears to have argued to the district court, for reasons that are not clear from the record, that he would be unable to pay rent in exchange for being allowed to remain on the premises. [3 RP 599-600] Although it does not appear from Defendant's argument that this case involves any existing rental agreement, he cited to orders of our Supreme Court staying writs of execution in eviction proceedings during the COVID-19 pandemic, in circumstances where a tenant can demonstrate an inability to pay the monthly rent established in a rental agreement. [3 RP 599] In connection with that argument, Defendant asserted that his inability to pay rent "was created by [a plaintiff] when she had [him] arrested and stole his heavy equipment and kept it in her possession for over six months." [Id.; MIO 5]

**{5}** We are not persuaded that this argument regarding an ability to pay hypothetical rent in connection with a nonexistent lease preserved for our review the question of whether Defendant was able, three months later, to purge himself of contempt by removing himself and his personal property from the premises at issue in this case. We note that Defendant also asserts factual matters involving his personal property that

remains on the premises, including disputes regarding attempts to remove that property in July 2022. [MIO 5-6] Those events, all of which are outside the current record on appeal, clearly played no role in the district court's finding that Defendant was in contempt in January 2022.

{6}     Turning to Defendant's assertion of a right to be personally present at the hearing on January 28, 2022, our notice pointed out that the docketing statement did not inform us of any action or relief requested from the district court in connection with his absence. [CN 4] Our notice suggested that Defendant should provide this Court with "an explanation of the relief he requested from the trial court in connection with his absence from the hearing." [CN 5] We also pointed out that if Defendant had requested a continuance, the denial thereof would be reviewed for abuse of discretion, based upon a consideration of

> the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and to the court, legitimacy in motives in requesting the continuance, fault of the movant in causing a need for delay, and the prejudice to the movant in denying that motion.

*State v. Salazar*, 2007-NMSC-004, ¶ 14, 141 N.M. 148, 152 P.3d 135. Finally, we pointed out that Defendant's docketing statement did not "provide us with facts necessary to assess these factors." [CN 6]

{7}     Defendant's memorandum in opposition to summary affirmance now informs us that he did request a continuance, which the district court denied. [MIO 13] That memorandum, however, still does not tell us anything about the length of his requested continuance. The memorandum does not address the likelihood that a continuance would have accomplished any of Defendant's objectives or what those objectives were. The memorandum does not inform us whether there had been previous continuances, how and whether a continuance would have inconvenienced the parties and court, or the extent to which Defendant caused the need for a continuance. Importantly, Defendant's memorandum in opposition does not respond in any way to our suggestion that he has not asserted any prejudice resulting from the denial of a continuance. [CN 6, 7] Despite the fact that our calendar notice explained the factors necessary to evaluate the denial of a continuance and invited Defendant to correct the factual deficiencies in his docketing statement by filing a memorandum summarizing the facts necessary for this Court to review his claims of error, Defendant's memorandum leaves this Court largely in the same position it was in prior to receiving that memorandum. We remain unable, on the basis of the facts before us, to conclude that the district court abused its discretion by denying a continuance.

{8}     We further note that Defendant's memorandum continues to assert, as the central justification for his absence from the contempt hearing, that he was unable to travel to Albuquerque in order to attend a hearing that was scheduled to take place

remotely. [MIO 13] That memorandum makes no attempt to address our suggestion that based upon the facts asserted on appeal, Defendant has failed to establish that he was somehow unable to attend a telephonic hearing. [CN 8]

**{9}** Ultimately, Defendant has failed to meet his burden on appeal. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing a proposed summary disposition), *superseded by statute as stated in State v. Harris* 2013-NMCA-031, ¶ 3, 297 P.3d 374. As a result, Defendant's memorandum does not persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendant has failed to do so. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the contempt order of the district court.

**{10}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**