This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41293**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

v.

**BILLY MARTIN,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Douglas W. Decker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** In the early morning hours of March 20, 2022, an officer employed by the Gallup Police Department was dispatched to a gas station in Gallup, New Mexico in reference to a domestic dispute. In the course of his investigation of the domestic dispute, the officer made contact with Defendant Billy Martin. As a result of his contact with Defendant, the officer's investigation expanded to determine whether Defendant was driving while under the influence of intoxicating liquor or drugs (DWI). Based on his

observations of Defendant and the results of a series of standardized field sobriety tests administered to Defendant, the officer arrested Defendant for DWI.

**{2}** Following a trial in the magistrate court where he was convicted of DWI, Defendant appealed his conviction to the district court. While his case was pending in the district court, Defendant filed two motions to suppress evidence. These motions asked the district court to suppress (1) "any observations made by any officer of the Defendant's person," (2) "any statements made by the Defendant to any officer," (3) "any evidence relating to a breath alcohol test, blood test, or refusal to take a breath or blood test, and" (4) "all other tangible or intangible items resulting from any searches or seizures." The district court held a hearing on the motions. At the conclusion of the hearing, the district court granted the motions. It did so on the apparent failure of the State to proffer evidence during the hearing establishing that Defendant was the same person with whom the officer had interacted and arrested on the night of the incident giving rise to the DWI charge. In announcing its decision, the court stated,

> Well, this case cannot move forward because whatever the significance of the evidence presented, there was no in-court identification made of the Defendant. I have no way of knowing whether the man that interacted with [the officer] in March at the [gas] station was this man here. So, there's no ID. I must grant the motion on that single failure.

The State appeals the district court's order granting the motions. Because we conclude that (1) Defendant's identity was not a disputed issue at the hearing; and (2) there is substantial evidence establishing that Defendant was the person with whom police interacted and arrested for DWI on the night of this incident, we reverse the district court's order granting the motions.

## DISCUSSION

**{3}** The State argues that it was not required to identify Defendant as being the same person the officer interacted with and arrested at the scene on March 20, 2022, during the hearing, and thus the district court "misapprehended the law and abused its discretion" in granting the motions. In response, Defendant argues that, while there is no express requirement that an officer identify a defendant during a suppression hearing, the decision to grant a suppression motion based on a lack of identification is within a trial court's discretion.

## A. Standard of Review

**{4}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). We review factual matters with deference to the district court's findings if substantial evidence exists to support them, and we review the district court's application of the law de novo. *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183. "Although this Court will give deference to the district court in its role as fact-

finder when the district court is a first-hand observer, this Court must nonetheless perform its sanctioned role as arbiter of the law. A decision that is ordinarily discretionary but is premised on a misapprehension of law may be categorized as an abuse of discretion." *State v. Worley*, 2020-NMSC-021, ¶ 13, 476 P.3d 1212 (internal quotation marks and citations omitted). An abuse of discretion also occurs "when [a] ruling is clearly against the logic and effect of the facts and circumstances of the case" so that "we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

## B.     The District Court Erred by Granting the Motion to Suppress

**{5}**     In this case, the issue before us is whether the State, during the hearing on Defendant's motions to suppress, was mandated to establish that Defendant was the same person who the officer interacted with and arrested at the scene on the night of March 20, 2022.

**{6}**     The State contends that it "ordinarily, and in the absence of a specific challenge regarding the identity of the defendant, bears no such burden of proof to identify the defendant in court as the person detained or as to whom an initial investigative detention has been expanded." Therefore, "the [d]istrict [c]ourt's ruling and [o]rder suppressing evidence based on the absence of an in-court identification of Defendant as the person with whom [the officer] interacted on March 20, 2022, was based on a misapprehension of the law, and thus constituted an abuse of discretion."

**{7}**     Alternatively, the State contends that if the Court were to determine an in-court identification of a defendant was part of the State's burden of proof, the testimony of the officer and arguments of defense counsel were sufficient to meet that burden.

**{8}**     Defendant, however, contends that the district court was correct in granting the motions because being "[c]oncerned with the fact that there was no in-court identification of [Defendant], the district court granted suppression due to the State's failure to ensure the proper person was being prosecuted"; and, alternatively, that if this Court should not agree with this contention, "the district court was still right for any reason because the seizure was not supported by reasonable suspicion and the arrest was not supported by probable cause."

**{9}**     We agree with the State that the district court erred by granting the motions for two reasons. First, the identity of the person with whom the officer interacted, arrested, and ultimately charged with DWI in this case was not at issue in the hearing. Second, even if the identity of that person was at issue and the State was required to establish that Defendant was that person at the hearing, the State presented sufficient evidence during the hearing to meet this burden. We explain.

**{10}**     As to our first reason, we note that Defendant does not challenge the identity of the person who was arrested for and charged with DWI on the night of March 20, 2022,

at the gas station in Gallup. Indeed, in the motions, rather than challenge the identity of the person so arrested and charged, Defendant appears to acknowledge that he was the person arrested and charged, and he seeks, as a remedy, suppression of the evidence seized by police as a result of "Mr. Billy's unconstitutional stop [and] arrest."[1] Specifically, in "Defendant's Motion to Suppress the Fruits of the Illegal Arrest" Defendant "moves the [district c]ourt to suppress all evidence resulting from Mr. Billy's unconstitutional arrest," and avers without qualification that the officer "eventually arrested Mr. Billy for DWI." As well, in "Defendant's Motion to Suppress the Fruit of the Illegal Traffic Stop," Defendant "moves the [district c]ourt to suppress all evidence resulting from Mr. Billy's unconstitutional stop," and avers that the officer "eventually arrested Mr. Billy for DWI."

**{11}**　In neither of the motions does Defendant claim or argue that someone other than Defendant was arrested on the night of this incident. Nor does Defendant place the identity of the person arrested for and charged with DWI in this case at issue such that (1) the State would have to prove that it was Defendant who was the person arrested for and charged with DWI; and (2) the district court would have to decide the issue. Thus, it was error for the district court to grant the motions because the identity of the person who was arrested and charged with DWI on the night of March 20, 2022, at the gas station in Gallup was not at issue.

**{12}**　As to our second reason for concluding that the district court erred, we have reviewed the record and found several instances during the hearing where Defendant was referred to by name, by the officer, as being the person who was the subject of the investigation and who was subsequently arrested for DWI on the night of March 20, 2022. Defendant was referred to by name, by both parties, during the entire hearing, from the opening statements, through examination of the arresting officer, and to the closing arguments.

**{13}**　During opening statement, defense counsel, urged the district court to grant the motion to suppress because "th[e] officer did not observe Mr. Billy driving," and "the officer did not have enough . . . evidence to make an arrest here." During the arresting officer's direct examination by the prosecution, he testified that after arriving on the scene and initially speaking with a female about what was occurring, the responding officers "turned [their] attention to the male, Martin Billy," who told the officers that he and the female were in a "verbal domestic, nothing physical." The officer further testified that the officers "asked Martin if had any alcohol" and that he admitted to drinking "three Heineken beers empty at around 1200 hours."

**{14}**　During cross-examination of the arresting officer by defense counsel, the following exchanges occurred wherein Defendant was referred to by name.

　　　Attorney:　　Was Mr. Billy, cooperative with you?

---

[1]Although Defendant is referred to in the pleadings, this opinion, and by the parties variously as "Mr. Billy," "Martin Billy," and "Martin," those references are to Defendant Billy Martin.

Officer:     Yes, sir.

. . . .

Attorney:    At what point did this shift into a DWI investigation?

Officer:     Once he admitted to crashing his vehicle into a pole, admission to drinking, driving.

Attorney:    What exactly were Mr. Billy's words to you regarding the pole?

Officer:     I don't know the exact words, but I remember him saying that he was trying to repark his vehicle and backed up into a pole at the parking pump.

. . . .

Attorney:    OK. Was there any actual damage to Mr. Billy's vehicle?

Officer:     Yes sir.

Attorney:    What?

Officer:     Scratched his whole paint.

Attorney:    But you said there was paint transfer.

Officer:     Mm-hmm.

Attorney:    The transfer was from the pole to Mr. Billy's car?

Officer:     Sure.

Attorney:    So, there wasn't any, Mr. Billy's car didn't lose any paint?

Officer:     I'm not a mechanic that could say that, but . . .

Attorney:    Besides the paint, was there any other damage to Mr. Billy's car?

Officer:     I don't remember.

. . . .

| Attorney: | You said that Mr. Billy told you that he had three beers, or, let me rephrase. How much alcohol did Mr. Billy say that he had consumed? |
|---|---|
| Officer: | He said he had about three Heineken beers and drank them empty at around 12:30 hours. |

**{15}** Finally, during his closing argument, defense counsel stated the following: (1) "Just for the record, Mr. Billy is asserting his rights under both the New Mexico and the U.S. Constitutions, Judge"; (2) "[the arresting officer] had already made contact with Mr. Billy, and that he doesn't remember exactly what Mr. Billy said, but . . . that he crashed into this pole"; (3) "Mr. Billy indeed was in . . . an argument with his girlfriend, that would add another distraction to what was going on with him at the gas station"; and (4) "But it did turn into a DWI investigation, Judge, and the officer ultimately arrested Mr. Billy and we just don't think there is enough evidence there."

**{16}** Accordingly, it was clearly established at the hearing that Defendant was the person with whom the arresting officer interacted, arrested, and charged with DWI on the night of March 20, 2022. Thus, even if we were to assume without deciding that during the hearing the identity of Defendant as the same person the officer arrested for and charged with DWI on the night of March 20, 2022, was required, we conclude that there is substantial evidence in the record establishing that fact. It was, therefore, an abuse of discretion and error for the district court to conclude otherwise.[2] *See Almanzar*, 2014-NMSC-001, ¶ 9 (stating that appellate courts "review[] factual matters with deference to the district court's findings if substantial evidence exists to support them"); *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135 (explaining that "[a]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case."); *see also State v. Patterson*, 2017-NMCA-045, ¶ 11, 395 P.3d 543 ("A court abuses its discretion when it makes an evidentiary ruling that is clearly against the logic and effect of the facts and circumstances of the case and clearly untenable or not justified by reason." (internal quotation marks and citations omitted)).

**CONCLUSION**

**{17}** For these reasons the district court's "Order Granting Defense Motions to Suppress and Order of Dismissal and Remand" is reversed, and the case is remanded for further proceedings consistent with this opinion.

**{18}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

---

2As a result of this holding, we do not address Defendant's argument that the motions were properly granted on other grounds.

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**