This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**GENOVEVO GALLEGOS JR.,**
**Defendant-Appellant.**

Docket No. A-1-CA-37675
COURT OF APPEALS OF NEW MEXICO
May 28, 2019

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY, Douglas R. Driggers, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Mary Barket, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Defendant appeals from his conviction for possession of methamphetamine. This Court's notice of proposed disposition proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. Unpersuaded by Defendant's arguments, we affirm.

**{2}** Defendant continues to argue that there was insufficient evidence to support his conviction for possession of methamphetamine because the evidence was insufficient to prove that he knew or believed the substance found in his pocket was methamphetamine, given that there were other people in the car from whom he might have received the substance. Because we disregard all inferences that support a different result, we remain unpersuaded by Defendant's argument. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** Defendant also continues to argue that the district court erred in allowing testimony that the back-seat passenger threw something out of the window during the initiation of the stop. [DS 6, MIO 6-7] Our calendar notice proposed to affirm on the presumption of correctness because the docketing statement failed to indicate for what purpose the State sought to admit the evidence, defense counsel's objections and arguments in response, or the basis for the district court's ruling. [CN 4] Defendant reasserts his argument, indicating that trial counsel could not recall the State's arguments or the district court's rationale. [MIO 4-5] We will not reverse the district court's admission of evidence absent a clear abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. Because Defendant has not met his burden of demonstrating such an abuse, we affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating the burden is on the appellant to demonstrate trial court error).

**{4}** Defendant further continues to argue that the district court abused its discretion by not granting a continuance. Our calendar notice indicated that there are numerous factors to consider in determining whether to grant a continuance, and the docketing statement failed to provide the information necessary for our review. *See State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20; *see also Aragon*, 1999-NMCA-060, ¶ 10. We therefore proposed to conclude that, even assuming it was error, it was harmless. *See State v. Serna*, 2013-NMSC-033, ¶ 22, 305 P.3d 936 (stating that evidentiary error that does not implicate confrontation rights is reviewed for non-constitutional harmless error).

**{5}** In response, Defendant asserts that trial counsel could not recall if the district court specifically addressed the factors, but the district court judge did indicate a general concern about the age of the case—just under two years—and a desire to avoid any further delay. [MIO 10] Defendant also states that it was unclear whether there was any discussion regarding the existence of prejudice to the parties caused by further delay. [Id.] Absent the specific facts presented to the district court in support of, and in opposition to, the motion for a continuance, we will not determine there was an abuse of discretion. *See State v. Salazar*, 2007-NMSC-004, ¶ 15, 141 N.M. 148, 152 P.3d 135 ("A significant part of that framework is a focus on the specific facts presented to the trial court in support of or in opposition to the motion."). Insofar as Defendant asserts he was prejudiced, we are unpersuaded that the mere possibility the parties could have renegotiated a plea, without more—such as a showing that the parties had actually been in negotiations and were actively moving toward a plea agreement—is sufficient to establish prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562,

915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We also note that newly appointed defense counsel, as of October 13, 2017, had a sufficient amount time to familiarize himself with the record to discover the existence of a second prior conviction, already noted in the record due to the previous motion to continue, despite the fact that the formal supplemental information was not filed until the day before the May 17, 2018 trial. [MIO 3-4] We determine that Defendant has not met his burden in this regard and affirm. *See Salazar*, 2007-NMSC-004, ¶ 10 ("The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant.").

**{6}** For all of these reasons, and those stated in the notice of proposed disposition, we affirm.

**{7} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JACQUELINE R. MEDINA, Judge**