This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42969**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DAVID J. JIMENEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from his conviction for tampering with evidence (highest crime a third, fourth or indeterminate degree felony), contrary to NMSA 1978, Section 30-22-5 (2003), arguing that the State's evidence was insufficient to support the tampering charge [BIC 5-9] and that the district court erred in denying his three motions for mistrial [BIC 9-14].

**{3}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Id.*

**{4}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Here, the State was required to prove that Defendant (1) "hid or placed a plastic baggie with a white crystal[-]like substance"; (2) "[b]y doing so, [D]efendant intended to prevent the apprehension, prosecution, or conviction for the use or possession of methamphetamine"; and (3) "[t]his happened in New Mexico on or about the 5th day of June, 2023." [1 RP 158] *See* UJI 14-2241 NMRA.

**{5}** Defendant represents that the following evidence was presented at trial. On June 5, 2023, a law enforcement officer saw Defendant walking by, and the officer knew that Defendant had an open warrant for his arrest. [BIC 1] The officer arrested Defendant, patted him down, and placed him in the back of a police car. [BIC 1] When Defendant was taken out of the car at the police station, Defendant had removed his socks and shoes and placed his socks between his feet and shoes. [BIC 1-2] The officer also noticed streaks and scuff marks leading to the front seat, which were the same red color as Defendant's shoes. [BIC 2] The officer found a plastic baggie under the front seat, which was determined to contain methamphetamine. [BIC 2] When the officer confronted Defendant about whether he had pushed drugs under the front seat, Defendant became irate and physically combative. [BIC 2]

**{6}** Defendant contends that the acts supporting his conviction occurred outside the immediate observation of law enforcement, which required assumptions by law enforcement and the jury. [BIC 5-6] Defendant suggests that he took off his socks and shoes due to a medical condition rather than attempting to hide anything. [BIC 6] While the officer did not personally observe Defendant push the plastic baggie under the vehicle seat, the officer testified that streak marks on the floor of the vehicle matched

Defendant's shoes. [BIC 2] *See Montoya*, 2015-NMSC-010, ¶ 52 (recognizing circumstantial evidence can comprise substantial evidence). Coupled with the fact law enforcement did not find the plastic baggie on Defendant's initial pat down, the jury could have reasonably concluded that Defendant pushed the plastic bag under the seat to prevent his prosecution and conviction for possession of methamphetamine. *See id.*; *Cunningham*, 2000-NMSC-009, ¶ 26.

{7}     Defendant's arguments do not persuade us that the evidence was insufficient to support his conviction. While Defendant testified that his shoes and socks were removed only because of his medical conditions, [BIC 3] we note that we will not reweigh the evidence on appeal because the jury was free to reject Defendant's version of the facts. *See State v. Gallegos*, 2009-NMSC-017, ¶ 31, 146 N.M. 88, 206 P.3d 993 (stating that it would be inappropriate to reweigh the evidence presented on appeal); *Rojo*, 1999-NMSC-001, ¶ 19.

{8}     Defendant cites *State v. Roybal*, 1992-NMCA-114, ¶¶ 23-29, 115 N.M. 27, 846 P.2d 333, to distinguish tampering cases where the conduct at issue occurs outside the presence of law enforcement from those where the conduct happens in law enforcement's presence. [BIC 7] While *Roybal* involved a defendant who dropped evidence as an officer approached, this Court's analysis focused on whether an "overt act" occurred to support a finding that the defendant intended to prevent their apprehension, prosecution, or conviction. *See id.* ¶¶ 23, 26, 29. Here, Defendant's act of pushing the baggie under the police car front seat, as reasonably inferred from the scuff marks on the floor of the car, was sufficient to indicate he intended to avoid apprehension, prosecution, or conviction for a possession charge. *See id.* Accordingly, we affirm.

{9}     Defendant also argues that the district court erred in denying a sequence of three motions for mistrial. [BIC 10-15] Defendant first moved for mistrial after learning at the pretrial conference that the State intended to impeach him with his three prior felony convictions if he took the stand, though the State had only informed his counsel that he would be impeached with a prior felony. [BIC 10] Though Defendant argued that he could not conduct voir dire without knowing that the three charges were going to be used at trial, the district court denied the motion for mistrial and remarked that Defendant's criminal history was online and could have been planned for in the exercise of due diligence. [BIC 10]

{10}    Defendant moved for mistrial a second time when the law enforcement officer mentioned that he recognized Defendant because of his history and the open warrant. [BIC 12] The district court denied the motion and instructed the jury to disregard the testimony. [BIC 12] Defendant moved for mistrial a third time following the officer testifying that he believed that on the day after Defendant was arrested, Defendant's friend deliberately scratched the officer's mother's car with his keys. [BIC 13] The friend, who was in the courtroom, shouted in response. [BIC 13] Defendant contends that the comment insinuates that Defendant had something to do with keying the car. [BIC 13] The district court denied the motion since Defendant was incarcerated and not

physically present for the keying, but it still instructed the jury to disregard the officer's testimony and the outburst by the friend. [BIC 13]

**{11}** We review for an abuse of discretion. *State v. Johnson*, 2010-NMSC-016, ¶ 49, 148 N.M. 50, 229 P.3d 523. "The district court abuses its discretion in ruling on a motion for mistrial if it acts in an obviously erroneous, arbitrary, or unwarranted manner, or when the decision is clearly against the logic and effect of the facts and circumstances before the court." *State v. Hernandez*, 2017-NMCA-020, ¶ 14, 388 P.3d 1016 (internal quotation marks and citations omitted). "Generally, in situations in which inadmissible evidence is inadvertently elicited, a court acts within its discretion if it denies a motion for mistrial but offers to give a prompt admonition to the jury to disregard and not consider the inadmissible evidence because doing so sufficiently cures any prejudicial effect which might otherwise result." *State v. Fulton*, 2026-NMCA-025, ¶ 31, 585 P.3d 514 (alterations, internal quotation marks, and citation omitted).

**{12}** To the first motion for mistrial, Defendant has not demonstrated that the district court abused its discretion in denying the motion. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (placing the burden on the appellant to rebut the presumption that the district court was correct). Defendant contends that his voir dire preparation would have been different had he been aware that the State intended to impeach on two additional offenses, but he does not explain how his preparation would have differed or what prejudice he suffered. Defendant instead suggests that the district court erred in not granting a continuance as an alternative to mistrial. [BIC 11] *See State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135 ("The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant."). Still, Defendant has not explained why the district court abused its discretion in denying the motion or refusing to grant a continuance, especially in light of Defendant's ability to research his criminal record and prepare accordingly. *See id.*; *Aragon*, 1999-NMCA-060, ¶ 10. As to the second and third motions for mistrial, Defendant does not contend that the officer's testimony was intentionally elicited by the State. As the district court issued curative instructions to the jury to disregard the testimony in both instances, we cannot say that the district court abused its discretion in either regard. *See Hernandez*, 2017-NMCA-020, ¶ 14; *see also Fulton*, 2026-NMCA-025, ¶ 35 (holding a curative instruction sufficiently cured prejudicial effect of testimony regarding prior bad acts). To the extent Defendant claims that the officer's testimony was uniquely prejudicial, [BIC 13] Defendant does not explain why the curative instruction was insufficient. *See Fulton*, 2026-NMCA-025, ¶ 33. Therefore, we affirm the district court's denial of Defendant's three motions for mistrial.

**{13}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**