This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38794**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JESSICA GARCIA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Court Judge**

Raúl Torrez, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Jessica Garcia appeals the revocation of her probation following her alleged involvement in a robbery and battery. She presents four arguments: (1) the district court's decision to revoke her probation was not supported by sufficient evidence of a probation violation; (2) the district court erred in denying her request for a continuance; (3) the district court deprived her of due process by allowing the State to present evidence that she possessed a controlled substance; and (4) the district court failed to make written findings of fact in its order revoking probation. We affirm.

**DISCUSSION**

**I. The District Court Had Sufficient Evidence to Revoke Defendant's Probation**

**{2}** The district court received a report that Defendant had violated the conditions of her probation based on her alleged involvement in a robbery and battery. Thereafter, the State moved to revoke Defendant's probation on grounds that she violated two standard conditions of her probation—(1) that she "not violate any of the laws or ordinances of the State of N[ew] M[exico], or any other jurisdiction. . . . [or] endanger the person or property of another," and (2) that she not "associate with any person identified by [her] Probation/Parole Officer as being detrimental to [her] [p]robation supervision."

**{3}** We review the revocation of a defendant's probation for an abuse of discretion. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321. "To establish an abuse of discretion, it must appear the [district] court acted unfairly or arbitrarily, or committed manifest error." *Id.* The State must establish a probation violation "with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. On appeal, we view "the evidence in a light most favorable to the state and indulge all reasonable inferences in favor of the district court's judgment." *State v. Williams*, 2021-NMCA-021, ¶ 6, 489 P.3d 949 (alterations, internal quotation's marks, and citation omitted).

**{4}** Defendant first argues that the State presented insufficient evidence to establish that she was at the scene of the robbery and battery. The State's witness, a confidential informant, testified that Defendant and her partner sold him an illegal drug and arranged to sell him another pound of the drug. The informant testified that Defendant returned later that day with a group of people, and that Defendant was in the room when he was battered and robbed, but he did not see Defendant participate in the battery. Meanwhile, Defendant's nine-year-old son testified that Defendant stayed in the car when they arrived at the motel. Defendant also points to various inconsistencies in the informant's testimony and argues her son was the more credible witness.

**{5}** We are not persuaded by Defendant's arguments. We defer credibility assessments to the district court. *See Tanuz v. Carlberg*, 1996-NMCA-076, ¶ 7, 122 N.M. 113, 921 P.2d 309 ("[T]he trial court, sitting as fact[-]finder . . . determines [the] credibility of testimony, and resolves factual conflicts."). Here, the informant's testimony was sufficient to allow the district court to find with reasonable certainty that Defendant had violated her probation by participating in a robbery and battery. *See State v. Ocon*, 2021-NMCA-032, ¶ 22, 493 P.3d 448 ("We do not reweigh the evidence or substitute our judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)).

**{6}** Defendant also argues that the State failed to offer evidence that Defendant *conspired* to rob and batter the informant. However, as the State points out, the

probation violation report alleged that Defendant committed robbery and battery as an accessory, not as a coconspirator. *Compare* NMSA 1978, § 30-1-13 (1972) ("A person may be charged with or convicted of the crime as an accessory if that person procures, counsels, aids or abets in its commission . . . ."), *with* NMSA 1978, § 30-28-2(A) (1979) ("Conspiracy consists of knowingly combining with another for the purpose of committing a felony within or without this state."). Thus, the State was under no burden to prove Defendant conspired to rob and batter the informant.

**{7}** We, therefore, conclude the district court had sufficient evidence to revoke Defendant's probation based on the evidence presented.

## II. The District Court Did Not Abuse Its Discretion by Denying Defendant's Motion to Continue

**{8}** Defendant argues the district court erred by denying her motion to continue. Defense counsel requested the continuance at the outset of the probation violation hearing because she had not been able to review discovery or adequately prepare. Defense counsel asked the district court for time to review potentially exculpatory surveillance footage and jailhouse phone calls. She also claimed that she needed to interview two potential alibi witnesses, one of whom had surfaced the day of the hearing. Defense counsel had not yet disclosed any of the potential alibi witnesses to the State.

**{9}** The State offered to "commence and continue" the hearing, asking the district court to hear the informant's testimony before allowing the continuance. According to the State, the informant had difficulty traveling to the courthouse from his home, and it would be hard for him to return another day. The State also noted that most of the discovery had been made available almost three weeks earlier, and that the surveillance footage was available the same day upon request. The district court asked why defense counsel had not obtained the discovery, and she responded that she had requested evidence from the State but had not yet gone to retrieve it; however, she could not produce the email she sent to request the discovery when requested by the district court. The district court denied the motion to continue. The district court noted that an interpreter for the informant was present that day, that discovery had been available for defense counsel's review but that she had made no attempt to communicate with the district court about the delay, and that the hearing had been set for more than a month.

**{10}** "The grant or denial of a continuance is within the sound discretion of the [district] court, and the burden of establishing abuse of discretion rests with the defendant." *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). We evaluate seven factors when reviewing a denial of a motion to continue a trial:

> [(1)] the length of the requested delay, [(2)] the likelihood that a delay would accomplish the movant's objectives, [(3)] the existence of previous continuances in the same matter, [(4)] the degree of inconvenience to the parties and the court, [(5)] the legitimacy of the motives in requesting the delay, [(6)] the fault of the movant in causing a need for the delay, and [(7)] the prejudice to the movant in denying the motion.

*State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. The parties agree these factors apply to our analysis in the probation revocation context, and we hold that the district court did not abuse its discretion in denying Defendant's request for continuance.

**{11}** The first, second, third, and fifth factors weigh neutrally or slightly in Defendant's favor. The first factor has little to no application here because Defendant did not request a particular length of time for the continuance, and we have no other indication of how much time she needed. On appeal, Defendant argues she implicitly requested "a brief period of time sufficient to review the materials." However, this unsupported assertion provides us with no insight into what period of time would actually be sufficient to review the materials at issue and adequately prepare. We can only speculate as to whether the requested delay would have been short, weighing in favor of Defendant, or lengthy, weighing against her. *Compare id.* ¶ 15 (holding that a requested delay of a week or less to properly serve a witness and compel the witness to testify weighed in favor of granting a continuance), *with State v. Salazar*, 2006-NMCA-066, ¶¶ 24, 26-27, 139 N.M. 603, 136 P.3d 1013 (holding that the denial of a continuance was appropriate where the delay was likely at least two months). Even if we were to presume that the continuance would have been a short delay, the other factors must weigh in favor of Defendant. *See State v. Salazar*, 2007-NMSC-004, ¶ 21, 141 N.M. 148, 152 P.3d 135 (concluding that the defendant "did not request a specific amount of time for delay, but presumably enough time to conduct further witness interviews, possibly have the [v]ictim evaluated to determine competency to testify, and time to investigate"). Only three other factors weigh in Defendant's favor. Under the second factor, a sufficient delay may indeed have allowed Defendant to obtain the surveillance video, review the jailhouse phone calls, and interview the potential alibi witnesses. As for the third factor, there were no prior continuances, and under the fifth factor, it does not appear that defense counsel requested the continuance in bad faith.

**{12}** The fourth and sixth factors, however, weigh against Defendant. The parties and district court would have been significantly inconvenienced by a delay. Defense counsel raised her motion immediately before the hearing commenced. *See State v. Aragon*, 1997-NMCA-087, ¶ 22, 123 N.M. 803, 945 P.2d 1021 ("[A]s a general rule, a motion for a continuance filed at the last minute is not favored."). The informant was present to testify, and it would have been difficult for the informant to travel back to district court. Furthermore, an interpreter had been made available for the informant's testimony that day.

**{13}** The sixth factor—whether the movant caused a need for the delay—weighs slightly against Defendant on balance. Defense counsel entered her appearance eleven days prior to the hearing, and as the district court noted, it was defense counsel's responsibility to review the discovery previously disclosed, request any remaining discovery needed, i.e., the surveillance footage and the jailhouse phone calls prior to the hearing, to prepare for the hearing, and to notify the court and opposing counsel about the potential alibi witnesses. Defense counsel failed to do so, and waited until the eleventh hour to seek more time to prepare.

**{14}** Finally, the seventh factor requires Defendant to "show that the denial of the continuance prejudiced [her]." *Salazar*, 2007-NMSC-004, ¶ 16. "No more prejudice need be shown than that the [district] court's order may have made a potential avenue of defense unavailable to the defendant." *Id.* (internal quotation marks and citation omitted). "[W]here [a] continuance is sought to obtain defense witnesses, in order to show prejudice, there must be a showing that the witness was willing to testify and would have given *substantially favorable* evidence." *Salazar*, 2006-NMCA-066, ¶ 28 (emphasis added).

**{15}** Here, Defendant claims that the potential alibi witnesses, as well as the surveillance footage and jailhouse phone calls would have corroborated Defendant's claim that she was not in the hotel room when the robbery and battery occurred. However, Defendant made no showing—either before the district court or on appeal—that the other potential witness was willing to testify or what that witness would say. Nor did she establish that the surveillance footage and jailhouse phone calls would in fact have provided exculpatory evidence.[1] Finally, while Defendant argues that she was prejudiced because "the State's case depended on [her] having gone into the motel," we also note that Defendant was able to call a witness that testified to her alibi. Defendant's nine-year-old son told the district court that Defendant did not leave the car when they were parked outside of the motel together. The investigating officer also testified that another person involved in the robbery and battery case said Defendant was not involved in the alleged crimes.

**{16}** We, therefore, conclude that Defendant failed to show an avenue of defense was unavailable to her or that the additional alibi witness's testimony would have been substantially favorable to her defense. *See Torres*, 1999-NMSC-010, ¶ 12 (concluding that the defendant established prejudice where he "made a sufficient proffer that the testimony would have been both material and favorable to his defense"). Furthermore, as noted above, the district court had sufficient evidence to conclude that Defendant served as an accessory to the crimes as alleged in the probation violation report. Given the foregoing factors, only some of which weigh in Defendant's favor, the district court did not abuse its discretion by denying Defendant's request for a continuance.

---

1Defendant notes in her reply brief that the charges in the case that created the probation violation were ultimately dismissed; however, she only leaves us to speculate as to why the case was dismissed, which we will not do.

**III.    The District Court Did Not Deprive Defendant of Due Process by Giving Improper Notice of the Charges Against Her**

**{17}**    Defendant argues the district court erred by allowing the informant to testify that Defendant was in possession of illegal drugs on the day of the robbery. Defendant contends that his testimony violated her right to due process because she did not have sufficient notice of the accusations against her—the alleged probation violations pertained to robbery and battery, not possession of illegal drugs.

**{18}**    We have previously held that "'[m]inimum due process requirements in revocation hearings include written notice of the claimed violations." *State v. Orquiz*, 2003-NMCA-089, ¶ 11, 134 N.M. 157, 74 P.3d 91. Defendant is entitled to notice of the violations that could cause her probation to be revoked. *See State v. Jimenez*, 2004-NMSC-012, ¶ 10, 135 N.M. 442, 90 P.3d 461 (concluding that when the petition to revoke did not allege the defendant was a fugitive, the "[d]efendant could not have known that his status as a fugitive was at issue until the district court filed its order revoking probation and denying [the d]efendant credit for time served on probation").

**{19}**    The petition for revocation in this case refers to one person stating that the battery occurred due to a request to purchase methamphetamine and that methamphetamine was in fact found on at least one other person who was also involved in the alleged crimes. This allegation gave Defendant notice that the alleged crimes for which the State accused her of involved illegal drugs. However, although evidence was admitted that she had participated in a drug deal earlier that day that precipitated the later meeting where the robbery and battery occurred, the district court revoked Defendant's probation based on her involvement in the alleged new crimes as noted in its written order, which were not drug crimes. The district court also emphasized that Defendant was placed on probation on July 3, 2019, and the alleged violation occurred shortly thereafter on August 13, 2019. Because the district court revoked Defendant's probation due to the allegations noticed in the probation violation report, those being robbery and battery, and the fact that the report also gave notice that methamphetamine was involved in these new crimes, we hold that Defendant was properly placed on notice and that no due process violations occurred.

**IV.    The District Court Did Not Err by Failing to Provide Written Findings of Fact**

**{20}**    Both parties agree that the order revoking Defendant's probation contained an erroneous finding—the district court incorrectly stated that Defendant admitted to the allegations against her in the State's motion to revoke her probation. Rather than attacking this error, Defendant contends that the district court was required to, but did not provide, written findings of fact detailing the reasons for revoking her probation. Defendant cites *State v. Parsons* to support her argument that due process requires "a written statement by the fact[-]finder of the evidence relied upon and the reasons for revocation." *See* 1986-NMCA-027, ¶ 26, 104 N.M. 123, 717 P.2d 99 (internal quotation marks and citation omitted). Indeed, "findings of fact and conclusions of law permit

meaningful appellate review and are vital where the trial court record does not clearly support the district court's ruling." *Id.*

{21} The relevant portion of the district court's written order stated that Defendant

> violated [her] probation as outlined in the details of violation[] number 1 of the Standard Probation order. . . . IT IS HEREBY ADJUDGED that Defendant has violated a substantial condition of the Standard Probation Order in effect in this District, and it is hereby ordered that the Defendant's probation . . . is revoked[.]

Although sparse, the district court's order is clear that it found that Defendant violated one of the conditions of her probation. Further, "[o]ral comments by a judge may be used to clarify a written ruling by the [district] court." *See State v. Harris*, 2013-NMCA-031, ¶ 8, 297 P.3d 374; *see also In re Termination of Parental Rights of Wayne R.N.*, 1988-NMCA-048, ¶ 17, 107 N.M. 341, 757 P.2d 1333 ("An appellate court may look to the remarks or opinions of the trial judge for clarification of [any written] ambiguities, as long as such remarks or opinions are not made the basis for error on appeal."). At the probation revocation hearing, the district court made verbal findings about Defendant's involvement in a robbery and battery before revoking her probation. These findings resolve any doubts created by the written order, and obviate our need to remand the case for findings of fact. However, given the erroneous finding that Defendant admitted allegations against her, we remand for entry of an amended order correcting that error.

## CONCLUSION

{22} For the foregoing reasons, we affirm the revocation of Defendant's probation. However, we remand for entry of a corrected written order omitting the erroneous finding that Defendant admitted allegations against her.

{23} **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**